CLARK (DELAWARE & H. CANAL CO. v.). See Case No. 3,764.

---

## Case No. 2,818.

### CLARK v. DICK.

[1 Dill. 8;[2] 9 Am. Law Reg. (N. S.) 739.]

Circuit Court, D. Missouri. 1870.

CONSTITUTIONAL LAW — LIMITATION OF ACTIONS—REMOVAL OF CAUSES INTO THE FEDERAL COURTS.

1. Section 4, art. 11, of the constitution of the state of Missouri, which in substance exempts persons from liability for acts done during the recent civil war, by virtue of military authority vested in them by the government of the United States, or in pursuance of an order received from any person vested with such authority, is valid, and protects from prosecution or action all who can show for their acts the authorization of a military officer, acting under the commander-in-chief of the army of the United States.

2. Where in an action of trespass, the defendant pleaded, in substance, that civil war existed: that martial law was in force, and that the alleged trespasses were compulsory assessments, made upon the plaintiff or his property by virtue of an order of the commanding general of the army in that department: Held, that the facts pleaded brought the case within the above-mentioned section of the constitution of the state, under which they were a good defence to the action. That provision of the constitution is not void because of its retrospective operation, nor because other provisions of the constitution may prohibit the legislature from passing retroactive statutes. Nor does it conflict with the national constitution limiting the power of the states; nor is it rendered invalid by the fifth amendment to the constitution, as that is a limitation on the powers of the general government, and not on those of the states.

3. The facts above mentioned, pleaded as a defence to the action, bring the case within the two years limitation clause of the act of congress of 1863 (12 Stat. 757), and this limitation is applicable to a case originating in a state court, and by virtue thereof properly removed into the federal court.

4. This statute, providing for the transfer of this class of cases into the federal courts is constitutional (Cooper v. Nashville, 6 Wall. [73 U. S.] 247); and congress has the power to regulate the remedy, and to prescribe the period within which suits must be brought.

5. This statute, by its terms, applies to all cases described therein, and the limitation period extends to and includes cases of the character mentioned in the state courts as well as in the federal courts.

At law. This was an action of trespass originally commenced in one of the state courts of Missouri, and afterwards removed, under the act of congress of 1863 (12 Stat. 757), to the circuit court of the United States, for the district of Missouri. The right of removal was not contested or denied.

The trespasses were alleged to have been committed in the city of St. Louis, in January, 1862. The defendant [Franklin A. Dick] pleaded that at the time the alleged trespasses were committed, a state of civil war existed; that martial law was duly declared, and that the alleged trespasses were compulsory assessments or contributions, made by order of the general of the army of the United States in command of the department of Missouri; and claimed the benefit of section 4, art. 11, of the constitution of the state of Missouri, and of the two years limitation clause of the above-mentioned act of congress of 1863, both of which are referred to in the opinion of the court. The plaintiff [William G. Clark] demurred to the pleas.

Lackland, Martin, & Lackland, for demurrer.

Sharp & Broadhead, contra.

Before MILLER, Circuit Justice, and TREAT and KREKEL, District Judges.

MILLER, Circuit Justice. The first plea is a very minute and specific statement of facts intended to show that at the time of the supposed trespasses there existed in the state of Missouri, and in the city of St.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Louis, where the transaction occurred, a state of flagrant war; that in consequence the commanding general had placed the city of St. Louis under martial law, and that by virtue of such military authority he had caused contributions to be levied on certain persons, of whom the plaintiff was one; that a commission had been appointed to assess these contributions, by the commanding general, and afterwards a committee authorized to revise the original assessment; that of this latter committee the defendant was a member and took part in its revision; but that they took no specific action in plaintiff's case; that the defendant had no other or further connection with the alleged trespasses, though other officers seized the goods mentioned under orders of the commanding general, in pursuance of said assessment. The proclamations and orders of the commanding general are set out in full, and the fourth section of article eleven of the constitution of Missouri is pleaded as a defence.

The second plea is, that the said supposed trespasses and wrongs complained of and set forth by the plaintiff in his petition, were done and committed under and by virtue of authority derived from the president of the United States, and more than two years before the commencement of this suit and during the Rebellion. The first plea may be liable to objection on the ground that it is a recital of facts after the manner of an answer in chancery, rather than a statement of the legal proposition which is supposed to be proved by these facts, and it is called by the pleader an answer. But we understand counsel for plaintiff to waive this objection, and the court is requested to pass upon the question, whether the plea discloses a substantial defence to the cause of action set out in the petition.

The validity of the plea is based by counsel on two distinct grounds: 1st. That the facts set out bring the case within the protection of section 4, art. 11, of the constitution of the state of Missouri. 2d. That the same facts show a condition of flagrant war which justified the substitution of martial law for the civil law, so far as to protect persons acting in obedience to military orders.

The provision of the constitution of Missouri relied on in this plea is as follows: "No person shall be prosecuted in any civil action or criminal proceeding, for or on account of any act by him done, performed, or executed, after the first day of January, one thousand eight hundred and sixty-one, by virtue of military authority vested in him by the government of the United States, to do such act, or in pursuance of orders received by him from any person vested with such authority; and if any action or proceeding shall heretofore have been, or shall be hereafter instituted against any person for the doing of any such act, the defendant may plead this section in bar thereof."

There does not seem to be any reason to doubt that the averments of this plea bring defendant's case within the language and intent of this provision. They show very clearly that "the defendant acted under the orders of the military officer highest in command in the department of Missouri. That this officer represented the president, who is commander-in-chief of the army, and was vested with all the authority, as such military commander, that belonged to the president, cannot be doubted."

The defendant thus acted in pursuance of orders from one vested with full military authority; and unless we are to go into the question whether such authority can possibly exist in this country, we must concede that the case is one intended to be provided for by this section. If the defendant is required to show that the authority of the military commander was a rightful and legal authority in the particular matter in question, then the provision in the Missouri constitution is useless. For it must be conceded in all courts, that an act justified by lawful and competent authority in the particular case, cannot be the foundation of an action.

The clause we are considering was not intended for such a case. It was not needed. But the framers of that instrument were aware that many acts of violence had been done by the military, and by those subject to military orders, for which it might be difficult to find legal and technical justification, but which were thought to be necessary and proper to maintain the national supremacy. They therefore intended to provide for those cases. And while they did not pretend to give protection to lawless violence, committed by persons without orders from any competent authority or any recognized military officer, they did intend to shield from prosecution all who could show for their acts the authorization of a military officer, acting under the commander-in-chief of the army of the United States. The wisdom of this ordinance has lost none of its force by the lapse of time. As a provision for the repose and quiet of the community, it could nowhere be more useful than in Missouri. This section of the constitution was not in force when the acts complained of occurred. It has become a part of the constitution since, but, as its language clearly shows, was intended to have effect on such past transactions. It is said that for this reason it is void.

It has been repeatedly decided that retrospective laws are not void, for that reason, unless they are made so by express constitutional provision. There may be such a provision in the Missouri constitution as to retrospective statutes. But it is not a statute whose validity we are considering. It is one of the articles of the constitution itself, a part of the very fundamental law whose authority is invoked. Of course this must stand as well as any other part of the con-

stitution, and cannot be nullified by the more general provisions of the same instrument concerning the powers of the legislature. There does not seem to us to be anything in the nature of this law itself, or in its relation to the power of the people when in convention assembled to enact organic laws, which forbids them to pass this ordinance.

It is to be observed that plaintiff's right to recover by action in the courts for such trespasses as he describes, rests on the common law as adopted by the state of Missouri, that is, on the law of the state, and not on any law of the federal government. There is no common law of the federal government. The right to bring this suit is founded on the law of the state, however that right, once existing, may be restricted by the federal constitution, of which we shall inquire presently. We repeat, then, that we know of no limitation, except it can be found in the constitution of the United States, of the right of the state of Missouri, when represented in her sovereignty in convention, to take away the right of action which it had previously given, if the best interests of the body politic so convened require it.

This very proposition came before the supreme court of Missouri, in the case of Drehman v. Stifle, 41 Mo. 184, and the validity of this section, as applicable to suits for damages for trespass, was affirmed on grounds similar to those stated above. That case, however, was contested on the further ground, that this section of the Missouri constitution was in violation of the federal constitution, and therefore void. It was accordingly taken by a writ of error to the supreme court of the United States, and in that court it was urged that it was forbidden by several provisions of the federal constitution, limiting the power of the state legislatures. But that court held that it was not a bill of attainder, nor an ex post facto law, nor a law impairing the obligation of contracts,—in fact, that so far as the federal power in the matter was concerned, the courts saw nothing to render the section invalid. Drehman v. Stifle, 8 Wall. [75 U. S.] 595.

It is strenuously urged here, however, that plaintiff's right of action in this case was property, and that the Missouri constitution deprives him of that property without due process of law, within the meaning of the fifth amendment to the federal constitution. If we could see our way clear to hold that a right to sue for a personal trespass was property within the meaning of that amendment, the argument is in no way advanced. For it has been often held by the supreme court of the United States that the fifth and sixth amendments to the federal constitution are limitations upon the powers of the federal government, and not upon those of the states. In Twitchell v. Com., 7 Wall. [74 U. S.] 321, this is said to be no longer an open question. This amendment to the federal constitution cannot therefore render invalid the provision of the constitution of Missouri.

We are of opinion, for these reasons, that under the facts set out in the first plea this provision is a valid defense to the action. This renders unnecessary any further examination of the reasons urged in support of that plea.

The limitation clause of the act of congress of 1863 (12 Stat. 757) also covers this case, both in its language and spirit. The only objections made to this plea are that it is inapplicable to a case originating in a state court, and if so construed it is void because beyond the power of congress.

That congress has a right to provide for the trial of this class of cases in the federal courts is established by the case of Cooper v. Mayor of Nashville, 6 Wall. [73 U. S.] 247, in which that part of the statute is considered fully, and its constitutionality affirmed. The right of removal does not seem to have been contested or denied in the present case.

The right of removal under this statute does not depend on the citizenship of the parties, but on the nature of the controversy. The defence set up is one which rests upon the exercise of certain powers in the name of the federal government, and the federal judiciary is the proper one to try such questions, because the constitution of the United States declares that the judicial power of the United States extends to all such questions.

If congress has the right to determine in what court such questions must be tried, it must necessarily have the power to regulate the remedy, including the right to prescribe the time within which the suit may be brought. That congress has the right to protect the officers upon whom it imposes delicate and important duties, from vexatious suits, arising out of transactions in which their official duties may involve them, by prescribing a reasonable time within which such suits may be brought, seems to be properly incidental to the right to command such services.

Nor is the objection sound, that in such cases the action if tried in the state court would be subject to the law of limitations prescribed by the state, while in the federal court a different rule would prevail. For the act of congress, by its terms applies to all cases of the character described in the statute, and we see no reason to limit its application to the federal courts. If congress has a right to legislate on this subject, it has a right to make that legislation the law of all courts into which such a case may come, and we think they have done this in the statute under consideration.

It will thus be seen that all the questions involved in these demurrers have been settled by the supreme court, and the demurrer is overruled. Judgment accordingly.