ELLEN F. ROCK *vs.* WILLIAM W. DENNETT & others.

Norfolk. December 1, 1891. — February 24, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Writ of Entry — Bankrupt — Assignee's Deed — Disseisin — Statute of Limitations — Repeal.*

A writ of entry, to recover land conveyed to the demandant by the assignee in bankruptcy of the former owner more than two years after the assignee has been disseised, is barred by the statute of limitations, U. S. Rev. Sts. § 5057; and such bar is not removed by the repeal of that section by the U. S. St. of June 7, 1878.

WRIT OF ENTRY, to recover a parcel of land in Randolph. The tenants pleaded *nul disseisin*, and for further plea alleged that, if the demandant had any right or interest in the demanded premises, the same was conveyed to her by Henry W. Bragg, the assignee in bankruptcy of one Campbell; that this action was against persons claiming an adverse interest touching the property vested in said assignee, and was not brought within two years from the time when the cause of action accrued; and that the same was barred by the provisions of the statutes of the United States. Trial in the Superior Court, before *Bishop,* J., who reported the case for the determination of this court, in substance as follows.

It appeared from the opening statement by the counsel for the demandant, that Campbell filed his petition in bankruptcy on February 23, 1876; that he was duly adjudicated a bankrupt; that Mr. Bragg was duly appointed the assignee, and an assignment of the estate of the bankrupt made to him on or about March 30, 1876; that the premises in question were a part of the estate of the bankrupt, and passed to the assignee by the assignment; and that the demandant claimed title to the premises under a deed from the assignee, dated January 24, 1889, and made pursuant to authority obtained from the United States District Court.

It further appeared that the assignee had never entered upon or been in possession of the demanded premises until the time of the delivery of the deed to the demandant, when entry was

made upon the premises by the attorney of the assignee, and the deed delivered upon the premises; and that the tenants and their ancestors had been in the possession and occupation of the premises under a claim of ownership, and had paid the taxes thereon continuously, since 1880.

The tenants requested the judge to rule that, upon these facts, the action was barred by the statute of limitations of the United States, and could not be maintained. The judge so ruled; and directed a verdict for the tenants. If the ruling was correct, judgment is to be entered upon the verdict; otherwise, the case is to stand for trial.

*J. E. Cotter & C. F. Jenney,* (*A. Wellington* with them,) for the demandant.

*H. E. Fales & S. H. Tyng,* for the tenants.

BARKER, J. The demandant claims under a deed from an assignee in bankruptcy, made January 24, 1889. Whatever right the assignee had, he acquired as part of the bankrupt's estate, in March, 1876. He had never entered upon or been in possession of the premises until the time of the delivery of his deed. Since, if the premises had been unoccupied, or occupied with his consent, the possession would have followed his title, it results that from March, 1876, until January, 1889, the possession had been held adversely to him. The demandant must recover on the strength of her own title, and has no better right than the assignee. Before the assignee made the deed, his right of action was barred by the provisions of the U. S. Rev. Sts. § 5057, that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." This limitation is not confined to suits in which the assignee is himself a party, and purchasers from an assignee cannot maintain an action against persons claiming adverse rights, if at the time of purchase the assignee's right of action was barred. *Gifford* v. *Helms,* 98 U. S. 248. *Wisner* v. *Brown,* 122 U. S. 214. *Greene* v. *Taylor,* 132 U. S. 415. In the case last cited it is said by Mr. Justice Blatchford that "a conveyance by

the assignee in bankruptcy cannot prevent the operation of the bar of the statute against the grantee when it has already run against the assignee, or bring into action a new period of limitation, dating from the time of the conveyance."

The demandant, however, contends that there was no adverse holding of the demanded premises until the tenants or their ancestors took possession, in 1880. Assuming that the report can be so construed, it would follow that the assignee in bankruptcy became seised of the premises under the assignment to him of the bankrupt's estate in March, 1876, and continued in possession until the year 1880, when he was disseised by the ancestors of the tenants, and that since the disseisin the premises have been held adversely to the assignee.

It is contended that the limitation contained in the U. S. Rev. Sts. § 5057, does not, under such a state of facts, bar the demandant's action, because, as it is claimed, that limitation applies only to suits in respect of property to which adverse claims existed while it was in the hands of the bankrupt, and before assignment, and does not apply to wrongs done to the assignee or to property of the estate after it has vested in him; and also for the reason that section 5057 was repealed on September 1, 1878, and at the time of its repeal there was no adverse interest touching the premises; and that the adverse claim of the tenants and their ancestors having come into existence since the repeal of the statute, the statute can have no application.

But the statute has a wider operation than that for which the demandant contends. As is said by *Miller*, J., in *Bailey v. Glover*, 21 Wall. 342, 346, 347, it "applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee, where the interests are adverse and have so existed for more than two years ,from the time when the cause of action accrued, for or against the assignee. . . . Congress has said to the assignee, you shall commence no suit two years after the cause of action has accrued to you."

The narrower view of the corresponding provisions of the Bankruptcy Act of 1841 (U. S. St. August 19, 1841, § 8) taken by Mr. Justice Nelson in *In re Conant*, 5 Blatch. 54, and followed

in *Stevens* v. *Hauser*, 39 N. Y. 302, is inconsistent with the views of Mr. Justice Curtis in *Pritchard* v. *Chandler*, 2 Curtis C. C. 488, and contrary to the plain implication of the decision of the Supreme Court of the United States in *Banks* v. *Ogden*, 2 Wall. 57, 70. The explicit and comprehensive statement of the construction of the limitation given in *Bailey* v. *Glover*, *ubi supra*, is plainly inconsistent with the contention of the demandant, and with the doctrine of the cases on which he relies. It is said in *Traer* v. *Clews*, 115 U. S. 528, 538, that the case of *Bailey* v. *Glover* has never been overruled, doubted, or modified by the Supreme Court of the United States. It is undoubtedly the authoritative exposition of the law, and conclusive upon the point that the short statute of limitations applies to adverse claims arising after the assignment in respect to property vested in the assignee. See also the opinion of Dillon, J., in *Walker* v. *Towner*, 16 Nat. Bank. Reg. 285, 287, and cases cited. It follows that the statute is a bar to the demandant's action, unless its repeal has made it inoperative in the present case.

The section was a part of Title LXI. of the U. S. Rev. Sts., and was, with the U. S. St. of March 2, 1867, and the other amendatory acts known as the bankrupt laws, repealed by the U. S. St. of June 7, 1878, which took effect on September 1, 1878. But the repeal was not unqualified, and in our opinion section 5057 is yet in force, so far as the demandant's action is concerned, by virtue of the qualifying proviso, which, so far as material, is as follows: " Provided, however, that such repeal shall in no manner invalidate or affect any case in bankruptcy instituted and pending in any court prior to the day when this act shall take effect; but as to all such pending cases . . . and in respect of all rights of debtors and creditors (except the right of commencing original proceedings in bankruptcy), and all rights of, and suits by or against assignees, under any or all of said acts, in any matter or case which shall have arisen prior to the day when this act takes effect (which shall be on the first day of September, anno Domini eighteen hundred and seventy-eight), or in any matter or case which shall arise after this act takes effect in respect of any matter of bankruptcy authorized by this act to be proceeded with after said last named day, the acts hereby repealed shall continue in full force and effect until

the same shall be fully disposed of, in the same manner as if said acts had not been repealed." By this proviso the acts repealed are continued in full force and effect as to all rights and suits in any matter or case which shall arise after the repeal in respect of any matter of bankruptcy authorized to be proceeded with after the repeal, and until such matters shall be finally disposed of, in the same manner as if the acts had not been repealed. In other words, it was the intention of Congress to take away the right of commencing original proceedings in bankruptcy, but to leave all cases and rights which had come within the scope of the bankrupt laws to be still governed by their provisions. As to the assignee who, upon the demandant's theory, held the premises as part of the assets to be administered by him in bankruptcy in 1880, and until his sale to the demandant in 1889, and as to any adverse claimant, all the provisions of the bankrupt acts, including the two years' limitation of actions, continued in full force, and under them the assignee's right of action for the premises was barred in two years after he was disseised by the tenant's ancestors in 1880.

The demandant argues that Congress had no power to enact a law conflicting with the statute of limitations of this State relating to real actions, where the cause of action arose wholly after the assignment in bankruptcy; and that such a statute cannot control actions in the courts of the State where the land is situated, because questions relating to the title to real estate must be governed by the *lex rei sitœ.* But the act of Congress regulating the limitation of real or personal actions by or against assignees in bankruptcy, enacted under the power given by the Constitution of the United States to establish uniform laws on the subject of bankruptcy throughout the United States, is the supreme law of the land, and is thus the law of Massachusetts.

*Judgment on the verdict.*