*40
 
 Day, J.
 

 A question common to both the Rock and the Hoffman cases is whether the two-year statute of limitations of the Bankruptcy Act or the state statute of limitations of one year, as provided in Section 8623-28, General Code, is applicable.
 

 Chapter 3, Section lid, of the Bankruptcy Act of 1898 (30 Stats. at L., 549), Title 11, Section 29 (d), U. S. Code, provides: “Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed.”
 

 That Congress had power to enact such a law is found in Article I, Section 8, clause 4, of the United States Constitution, wherein power is given “to establish * * *
 
 uniform
 
 laws on the subject of bankruptcies throughout the United States.”
 

 That laws enacted pursuant to such power are tlie supreme law of the land, and that they control the Constitutions and laws of the several states, and cannot be controlled by them, is well established.
 
 Second Employers’ Liability Cases,
 
 223 U. S., 1, 53, 32 S. Ct., 169, 56 L. Ed., 327, 38 L. R. A. (N. S.), 44. Of course, where Congress has not acted, the several states might pass laws fixing the statutes of limitation; but, Congress having acted, such enactments, in so far as they cover the same field, become supreme.
 

 This principle finds support in
 
 Mitchell
 
 v.
 
 Clark,
 
 110 U. S., 633, which at page 643, 4 S. Ct., 170, 175, 28 L. Ed., 279, quotes the following from
 
 Clark
 
 v.
 
 Dick,
 
 1 Dill., 8, Fed. Cas. No. 2818:
 

 “Nor is the objection sound that in such cases the action, if tried in the State courts, will be subject to the laws of limitations prescribed by the States, while in the federal courts a different rule would prevail. For the act of Congress by its terms applies to all cases of the character described in the statute, and we see no reason to limit its application to the federal courts. If Congress has a right to legislate on this subject, it has the right to make that legislation the
 
 *41
 
 law of all courts into which such a case may come, and we think they have done this in the statute under consideration.”
 

 The court, in
 
 Mitchell
 
 v.
 
 Clark,
 
 further say: ‘ ‘ That a similar statute in regard to suits by or against an assignee in bankruptcy governs the State courts, see
 
 Jenkins
 
 v.
 
 The Bank,
 
 106 U. S., 571 [2 S. Ct., 1, 27 L. Ed., 304], and
 
 Jenkins
 
 v.
 
 Lowenthal,
 
 110 U. S., 222 [3 S. Ct., 638, 28 L. Ed., 129].”
 

 In
 
 Rock
 
 v.
 
 Dennett,
 
 155 Mass., 500, 30 N. E., 171, 172, the court said, as to the objection that the federal statute could not control actions in the state courts: “But the act of Congress regulating the limitation of real or personal actions by or against assignees in bankruptcy, enacted under the power given by the Constitution of the United States to establish uniform laws on the subject of bankruptcy throughout the United States, is the supreme law of the land, and is thus the law of Massachusetts.”
 

 An adjudication in bankruptcy is an assertion of jurisdiction over the bankrupt’s estate and over all rights in his property, whether by statute or common law, with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate for the benefit of his creditors.
 

 It is suggested that there is a distinction between an action brought under Section 8623-28, General Code, by a creditor, or on his behalf, to subject the debt of the shareholder to the corporation to the payment of his claim, and an action by the corporation or its trustee, if it be a bankrupt, against the shareholder on the contract between the subscriber for stock and the corporation.
 

 In the event of a breach of an ordinary subscription contract, the same kind of right of action accrues to the corporation as would follow the breach of a contract to pay money between parties on any other contract The right to enforce such a breach is not de
 
 *42
 
 pendent upon statute, but exists at common law. The cause of action is contractual in nature, and not statutory. Therefore the limitation period is not a qualification or condition upon the cause of action itself, imposed by the power creating the right. Both the Rock and the Hoffman cases are based on breaches of written contracts for the purchase of stock, Rock’s case on a promissory note with two payments thereon by Rock, and Hoffman’s case upon a written subscription contract. The breach of either gave the corporation a right to recover thereon.
 

 The following cases were actions in state courts where the state statute of limitations has conflicted with the federal rule:
 
 Coppard
 
 v.
 
 Stanush,
 
 (Tex. Civ. App.), 258 S. W., 254, in which it was held, in an action brought by a trustee in bankruptcy to recover real estate, that the federal statute superseded the state statute of limitations;
 
 Shreck, Trustee,
 
 v.
 
 Hanlon,
 
 66 Neb., 451, 92 N. W., 625, in which the Supreme Court of that state held that the federal statute superseded the four-year statute of Nebraska. To the same effect is
 
 Sheldon, Trustee,
 
 v.
 
 Parker,
 
 66 Neb., 610, 92 N. W., 923, 95 N. W., 1015, paragraph one of the syllabus of that case reciting: “Where a person has been declared a bankrupt under the act of congress approved July 1, 1898, the trustee appointed in that proceeding may maintain an action to set aside a conveyance made by the bankrupt at any time within two years after the estate has been closed, provided the action was not barred by the laws of this state at the time the petition in bankruptcy was filed.”
 

 In
 
 Oppenheimer, Trustee,
 
 v.
 
 Roberts, 175
 
 App. Div., 424, 161 N. Y. S., 1049, 1051, the federal and state statutes conflicted. This was an action brought by a trustee in bankruptcy to recover from several indorsers of a promissory note their
 
 pro rata
 
 share of a note paid in full by the bankrupt, and there the court said:
 

 
 *43
 
 “Were it not for the intervention of the bankruptcy proceedings this action would be barred by the Statute of Limitations * * * but by virtue of the provisions of subdivision d of section lid of the Bankruptcy Act of 1898 * * * the running of the statute [New York] was suspended in favor of the trustee in bankruptcy. ’ ’
 

 The point seems to have been conceded, and the court goes on to a discussion of laches, and holds in favor of the trustee.
 

 Under the Bankruptcy Act of 1867 (14 Stats. at L., 517, 518, Section 2), which contained a similar provision, with the exception of the language, “unless the same shall be brought within two years from the time the cause of action accrued, for or against such assignee,” the act of 1898 providing that “Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed,” the following cases will be found to recognize the principle of the superiority of the federal rule:
 
 Gage
 
 v.
 
 Du Puy,
 
 127 Ill., 216, 19 N. E., 878;
 
 Ruff’s Appeal,
 
 117 Pa., 310, 11 A., 553;
 
 Jenkins
 
 v.
 
 International Bank,
 
 106 U. S., 571, 2 S. Ct., 1, 27 L. Ed., 304;
 
 Moses
 
 v.
 
 St. Paul,
 
 67 Ala., 168;
 
 Freelander & Gerson
 
 v.
 
 Holloman,
 
 9 National Bankruptcy Register, 331, 335, Fed. Cas. No. 5,081;
 
 Peiper
 
 v.
 
 Harmer,
 
 5 National Bankruptcy Register, 252, 253, 8 Phila. (Pa.), 100.
 

 Text-writers on bankruptcy recognize the precedence of the federal statute over the state statute of limitations, provided the latter has not run at the time of the appointment of the trustee.
 

 Gilbert’s Collier on Bankruptcy (2d Ed.), page 287: “It constitutes an arbitrary limitation on all suits; as to computation of time at least superseding all statutes whether State or Federal, provided the action is not barred by the State statute at the time the petition in bankruptcy was filed.”
 

 
 *44
 
 Remington on Bankruptcy, vol. 5, Section 2347: “Suit may be commenced by tbe trustee upon any action that was not barred by limitation at the beginning of the bankruptcy, and may be so commenced at any time within the two years after the closing of the estate, notwithstanding the state statute of limitations may bar the action before the two years have expired. In short, the Act creates a new statute of limitations, except as to actions already barred when the bankruptcy proceedings were instituted.”
 

 In other fields of legislation where there is a conflict between state and federal enactment, the latter is held to prevail.
 

 In regard to interstate commerce, the following cases may be cited:
 
 Southern Ry. Co.
 
 v.
 
 Reid,
 
 222 U. S., 424, 32 S. Ct., 140, 56 L. Ed., 257;
 
 Chicago, Rock Island & Pacific Ry. Co.
 
 v.
 
 Hardwick Farmers’ Elevator Co.,
 
 226 U. S., 426, 33 S. Ct., 174, 57 L. Ed., 284, 46 L. R. A. (N. S.), 203;
 
 The Minnesota Rate Case,
 
 230 U. S., 352, 33 S. Ct., 729, 57 L. Ed., 1511, 48 L. R. A. (N. S.), 1151, Ann. Cas., 1916A, 18;
 
 Lacoste
 
 v.
 
 Department of Conservation of the State of Louisiana,
 
 263 U. S., 545, 44 S. Ct., 186, 68 L. Ed., 437;
 
 Lake Erie, Alliance & Wheeling Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 109 Ohio St., 103, at pages 109, 110 and 111, 141 N. E., 847.
 

 In
 
 Arnson
 
 v.
 
 Murphy, Collector,
 
 109 U. S., 238, 3 S. Ct., 184, 27 L. Ed., 920, being an. action to recover duties illegally assessed, the lower court held that the New York statute applied and the action was barred, but the Supreme Court held the federal statute applied, and the action was not barred. The court held in the syllabus, paragraph 3: “ The limitation laws of the State in which the suit is brought do not furnish the rule for determining whether the action is brought in time.”
 

 In the case of
 
 Engel
 
 v.
 
 Davenport,
 
 271 U. S., 33, 46 S. Ct., 410, 412, 70 L. Ed., 813, being an action involving a conflict between the statute of limitation of the
 
 *45
 
 state of California and that embodied in the Merchant Marine Act (Section 33 [Title 46, Section 688, U. S. Code]), and Section 6 of the Federal Employers’ Liability Act (Title 45, Section 56, U. S. Code), Mr. Justice Sanford, in delivering the opinion of the court, said:
 

 “This brings us to the question whether a suit brought in a state court to enforce the right of action granted by the Merchant Marine Act may be commenced within two years after the cause of action accrues, or whether a state statute fixing a shorter period of limitation will apply. Section 6 of the Employer’s Liability Act provides that ‘no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued. ’ This provision is one of substantive right, setting a limit to the existence of the obligation which the Act creates.
 
 Atlantic Coast Line
 
 v.
 
 Burnette,
 
 239 U. S., 199, 201 [36 S. Ct., 75, 60 L. Ed., 226]. And it necessarily implies that the action may be maintained, as a substantive right, if commenced within the two years.”
 

 A case illustrative of the precedence of the requisites of bankruptcy administration over state laws conflicting therewith is found in
 
 Van Huffel
 
 v.
 
 Harkelrode, Treas.,
 
 284 U. S., 225, 52 S. Ct., 115, 116, decided by the United States Supreme Court on December 7,1931. Van Huffel began a suit in the state court to quiet title to certain real estate which he had acquired from a purchaser at a sale under an order from the bankruptcy court, such sale to be free from incumbrances, and all liens to be passed to the fund arising from the sale. In the action to quiet title in the state court the lien of the state for taxes, pursuant to Section 5671, General Code of Ohio, was asserted by the county treasurer, but this claim was denied; Mr. Justice Brandéis in his opinion saying: “Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration.”
 

 
 *46
 
 In the late case of
 
 Moore, Trustee,
 
 v.
 
 Bay,
 
 284 U. S., 4, 52 S. Ct., 3, 76 A. L. R., 1198, it was held that the federal act is superior to all state laws on questions of bankruptcy. See, also,
 
 Globe Bank & Trust Co.
 
 v.
 
 Martin, Trustee,
 
 236 U. S., 288, 35 S. Ct., 377, 59 L. Ed., 583, being a case involving a conflict between the Federal Bankruptcy Act and the state law of Kentucky as to the distribution of a fund arising from a fraudulent transfer of property by the bankrupt. It was held that the Federal Bankruptcy Act was superior to the state statute. On page 298 of 236 U. S., 35 S. Ct., 377, 381, this language from the opinion is pertinent:
 

 “With attachments and liens thus acquired under state laws, the Bankruptcy Act dealt in provisions which were superior to all state laws upon the subject in virtue of the constitutional authority of Congress to enact a uniform system of bankruptcy.
 
 In re Watts and Sachs,
 
 190 U. S.,
 
 1,
 
 27, [23 S. Ct., 718, 47 L. Ed., 933, 941];
 
 First Nat’l Bank
 
 v.
 
 Staake,
 
 202 U. S., 141, 148, [26 S. Ct., 580, 50 L. Ed., 967, 970].”
 

 Our attention is called to the case of
 
 Davis
 
 v.
 
 Willey,
 
 (C. C. A.), 273 F., 397, being an action by a trustee in bankruptcy to set aside a fraudulent transfer under Section 70e of the Bankruptcy Act [Title 11, Section 110 (e), U. S. Code]; but we are unable to follow the conclusions reached in that case as applicable to the case at bar. Nor do we regard the case of
 
 Arnold Grocery Co.
 
 v.
 
 Shackelford, Trustee,
 
 140 Ga., 585, 79 S. E., 470, cited by defendants in error as authority in their favor, as controlling, the holding in that case being that the Georgia statute did not apply because the action was under the Bankruptcy Act; however, much in the opinion is favorable to the contention of plaintiff in error.
 

 Nor is it sufficient to say that, because the trustee seeks to enforce the federal statute in the state court, he might equally attempt to dictate rules of procedure for the state court, because the United States Consti
 
 *47
 
 tution has especially empowered Congress to enact bankruptcy laws of tmiform application throughout the Union; but no such jurisdiction is conferred on Congress as to purely procedural matters in state courts. Nor is the holding of this court in
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St., 45, 170 N. E., 637, applicable to the question of conflict between federal and state statutes of limitation.
 

 In the case at bar, upon the date of the appointment of the trustee in bankruptcy, the state statute of limitations had not run; Fuller being appointed December 3,1928, and the state statute of limitations of one year, as provided in Section 8623-28, General Code, expiring July 9, 1929. Hence we reach the conclusion that the federal statute of limitations supersedes the state statute of limitations; the action not being barred at the time of the adjudication in bankruptcy. Entertaining this view, it is unnecessary to consider other questions presented by the records.
 

 It follows, therefore, that the judgments of the courts below must be reversed and the causes remanded for further proceedings according to law.
 

 Judgments reversed and causes remanded.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Stephenson, JJ., concur.