### ISAACS v. NEECE et al.*
### No. 7439.

Circuit Court of Appeals, Fifth Circuit.
Feb. 14, 1935.

*Rehearing denied March 27, 1935.

E. H. Ratcliff, B. L. Agerton, and A. W. Christian, all of Fort Worth, Tex., for appellant.

G. Drummond Hunt, of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought under section 70e of the Bankruptcy Act section 110 (e), 11 US CA, against preferred stockholders of the bankrupt, was in equity to cancel and set aside as fraudulent, and to recover back, payments the bankrupt had made to them in redemption of their stock.

The bill, filed March 7, and amended June 21, 1932, alleged the adjudication March 14, 1930, the purchase from defendants, the contract for redemption [1] and the various payments, aggregating $6,957.53, made on account of it, all made more than two, but less than four, years before the filing of the suit. It alleged that the brick company was at the time it made the contract, has been ever since, and now is, insolvent, in that its indebtedness, not including the obligations of the redemption contract, exceeded the reasonable value of its property. It was further alleged that the payments, made out of the capital assets of the bankrupt, while the bankrupt was insolvent, constituted a fraud on, and were held by defendants in trust for, creditors, of whom approximately $45,000 in amount have filed claims. Defendants, contending that the suit failed because the bill did not allege (1) that the transfers were made and received with fraudulent intent; (2) that the bankrupt had ceased doing business when the payments were made; (3) that the transfers were made voluntarily and without consideration; (4) that the trustee was suing in the right of persons who were creditors at the time the transfers were made, moved to dismiss it. Other grounds of the motion were that the bill having been filed more than two years after the transfers were made, and nearly two years after the trustee was appointed, the action was barred by the state statutes of limitations and by laches.

The District Judge sustained each count of the motion, and ordered the bill dismissed. This appeal is from that order. Here a good part of the briefs is devoted to the point whether the defendants, though in form stockholders, were in fact creditors of the company. Appellees argue with vigor and apparent confidence that though the contract declares that the consideration for the sale of the Mexia Brick Company was preferred stock in the Bridgeport Brick Company and such stock was issued to them, the sale was really for $40,000 in money, the stock to evidence the debt. The defendants, then, they say, must be regarded in law and in fact not as stockholders, but as creditors. In support of this position they cite Hookway v. McKnight (C. C. A.) 232 F.

[1] It recited defendants' sale of the Mexia Pressed Brick Company to the bankrupt for 40,000 shares of its preferred stock, of the par value of $40,000, and the issue to a trustee of a certificate for 40,000 shares. It provided, upon the considerations named in the contract not material to be stated here, that the brick company would redeem, retire, and take up the stock in forty-eight monthly and six annual installments.

129; In re Hicks-Fuller Co. (C. C. A.) 9 F.(2d) 492; Arthur R. Jones Syndicate v. Commissioner (C. C. A.) 23 F.(2d) 833.

We do not think so. Whatever the ultimate intent, the fact is they were stockholders. We think appellant has the right of it when he says that one may not place himself in the comfortable position appellees undertake to assume, of claiming to be stockholders while the company is going well, and creditors when it is not. Having cast their relation as they did, in the form of holders of preferred stock, they cannot, as to creditors, the company insolvent, deny that the relation was what they said it was. Spencer v. Smith (C. C. A.) 201 F. 647; Keith v. Kilmer (C. C. A.) 261 F. 733, 9 A. L. R. 1287; Armstrong v. Union Trust & Savings Bank (C. C. A.) 248 F. 268; In re Culbertson's (C. C. A.) 54 F.(2d) 753; Reagan Bale Co. v. Heuermann (Tex. Civ. App.) 149 S. W. 228; St. John v. Erie Railway Company, 22 Wall. 136, 22 L. Ed. 743; Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769.

We do not think either that appellees stand any better on their claim that the bill fails for want of sufficient allegations. We think it clear that it sufficiently alleges that the company was insolvent, and that the payments made to defendants were as to company creditors mere voluntary payments and recoverable as such. Rev. Stat. of Texas, art. 3997; Wood v. National City Bank (C. C. A.) 24 F.(2d) 661; Medical Arts Bldg. Co. v. Southern Finance & Dev. Co. (C. C. A.) 29 F.(2d) 969; Coleman v. Tepel (C. C. A.) 230 F. 63; Hall & Farley v. Ala. Terminal & Imp. Co., 143 Ala. 464, 39 So. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363; Fitzpatrick v. McGregor, 133 Ga. 332, 65 S. E. 859, 25 L. R. A. (N. S.) 50; Rider v. John G. Delker & Sons, 145 Ky. 634, 140 S. W. 1011, 39 L. R. A. (N. S.) 1007. The allegations of the bill that the company was at the time of the making of the contract, has been ever since, and is now insolvent, and that $45,000 in amount of unsecured creditors have filed proofs of claim, taken in connection with its other allegations, are ample as against the motion to dismiss, to make out a case. A bill in equity should be read liberally, not captiously. It should not be dismissed if, fairly read, it sufficiently sets out facts from which the right to maintain the suit may be inferred. Dixon v. Hopkins (C. C. A.) 56 F.(2d) 784.

It remains only to inquire whether, as appellee claims, the state statute of limitations of two years, article 5526, subd. 4, bars the suit, or whether, as the trustee claims, that statute does not apply, but either section 11d of the Bankruptcy Act, section 29 (d), 11 USCA, or the Texas four-year statute, article 5529, governs.

Appellees insist that the suit is really an action for debt and is governed by subdivision 4 of article 5526, Revised Statutes of Texas, "actions for debt where the indebtedness is not evidenced by a contract in writing." Appellant insists that the action is not one for debt, but is a suit in equity, governed, if by any state statute, by the general four-year statute, article 5529. He insists, however, that the matter is governed by neither of the state statutes, but by section 29, title 11 USCA, providing "suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." Whether this statute or a state statute provides the limitation period in a suit by trustees under state statutes is, under the authorities involved, in some confusion. In one case, Davis v. Willey, 273 F. 397 (C. C. A. 9th), it has been flatly held that state statutes of limitation govern actions by trustees under section 70e, 11 USCA § 110 (e). That section 29, 11 USCA, does not apply. The argument is that since the trustee sues in the right of a creditor, who, if bankruptcy had not intervened, could have under the state law set the matter aside, the trustee has the same rights that the creditor has, and no more, and is, therefore, bound as the creditor would have been bound, by the state statute of limitation. Then, too, there is the case of Harrigan v. Bergdoll, 270 U. S. 560, 46 S. Ct. 413, 70 L. Ed. 733, which upheld the application of state statutes of limitation in a suit brought in the state court by the trustee to enforce a remedy given by a state statute. The question argued in that case, however, was not as here, when the state statute would complete its running, but when it would begin to run. Both in the Pennsylvania state court, from which the certiorari came, 281 Pa. 186, 126 A. 269, and in the federal Supreme Court, it seems to have been taken for granted that the only point for decision was the time when the cause of action accrued. As far as may be told from the opinions, neither in the state nor in the federal Supreme Court was section 29 invoked. There was no reference to, no discussion of, it in either opinion. No later case involving the question whether section 29 or a state statute of limitation applied, and there have been several, has cited the-

Harrigan Case. Jackson v. U. S. (D. C.) 24 F.(2d) 981, a suit on a war risk policy, cited it arguendo, as holding generally that in suits to enforce rights given by state statutes state statutes of limitation apply. The trustee opposes to the direct holding of the Davis Case, and the indirect holding of Harrigan's Case, supra; Shreck v. Hanlon, 66 Neb. 451, 92 N. W. 625; Fuller v. Rock, 125 Ohio St. 36, 180 N. E. 367, 82 A. L. R. 802; Devoy v. Superior Fire Ins. Co., 239 App. Div. 28, 265 N. Y. S. 432. Cf. Stephan v. Merchants' Collateral Corp., 256 N. Y. 418, 176 N. E. 824; Rice v. Chapman, 234 App. Div. 279, 255 N. Y. S. 35. All of these hold flatly that section 29 provides a limitation period which supersedes all state statutes, and gives the trustee the time stated in it to sue. Two of these cases definitely decline to follow the Davis Case. All hold that the effect of this section is the same as that of the corresponding section of the prior act, which was uniformly held to supersede all state statutes. Cf. Rock v. Dennett, 155 Mass. 500, 30 N. E. 171; Comegys v. McCord, 11 Ala. 932; Jenkins v. International Bank, 106 U. S. 571, 2 S. Ct. 1, 27 L. Ed. 304; Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636; Avery v. Cleary, 132 U. S. 604, 10 S. Ct. 220, 33 L. Ed. 469. Meikle v. Drain (C. C. A.) 69 F.(2d) 290, holds section 29, 11 USCA, to be the applicable limitation in a suit under 60B. It distinguishes the Davis Case as limited to actions given by state statutes. Remington (4th Ed.) § 2285, at page 66, cites the Davis Case in support of the proposition that where a trustee sues in a state court, local statutes of limitation prevail. But in section 2347 it is said that an action by a trustee is not barred by the expiration of state limitation after bankruptcy and before the end of two years, for section 29, 11 USCA, creates a new statute of limitation as to actions not already barred. Gilbert's Collier, § 3789, declares that section 29 supersedes all limitation statutes, state or federal.

■ We think the trustee's position that section 29 fixes the time he may sue all causes of action not already barred when the bankruptcy proceedings were filed, furnishes a more reasonable, a more workable theory of limitation than the one advanced in the Davis and Drain Cases, supra, that it applies to some actions, but not to others. This position is not only in accord with the uniform rule of decision under the corresponding section of the prior act, but it is in the interest of the just and effective administration of bankruptcy estates. Cf. Coppard v. Stanush (Tex. Civ. App.) 258 S. W. 254.

■ We further, however, think it plain that if state statutes control rather than the federal statute which the trustee invokes, limitation has not barred the action. For under settled decisions of the Texas courts, it is not one for debt under subdivision 4 of article 5526. It is a suit in equity for which no specific limitation statute is provided, and to which, therefore, the general limitation of four years provided by article 5529 applies. Vodrie v. Tynan (Tex. Civ. App.) 57 S. W. 680; Eckert v. Wendel, 120 Tex. 618, 40 S.W.(2d) 796, 76 A. L. R. 855; Arbuckle Bros. Coffee Co. v. Werner, 77 Tex. 43, 13 S. W. 963; Cassady v. Anderson, 53 Tex. 527; Home Investment Company v. Strange, 109 Tex. 342, 195 S. W. 849, 204 S. W. 314, 207 S. W. 307; McCord v. Nabours, 101 Tex. 494, 109 S. W. 913, 111 S. W. 144.

The bill stated a cause of action which was not barred. It was error to dismiss it. The judgment is reversed and the cause remanded for further, and not inconsistent proceedings.