Pettingell, J.
Action of contract by a trustee in bankruptcy, the defendant being a debtor of the bankrupt. The writ was dated, March 18, 1939. The declaration is on an account annexed and contains three items, the third, the lat *60 est in date, being- within six years of the date of the writ, and the first two being- more than six years before the date of the writ. The trial judge found for the plaintiff on the first two items but found for the defendant on the third, finding that that item was not properly chargeable to the defendant.
The defendant assigns as error the denials of requested rulings 3, 6, 7, 9 and 101, and the denials of requests 1 and 2 “in so far as the first two items in the account annexed . . . are concerned.”
There was no error in the denial of request 3. The record shows that the plaintiff was a duly appointed trustee in bankruptcy; no authority has been cited by the defendant for the proposition that such a trustee is not, by his appointment, impliedly clothed with authority to collect by action at law the debts due the bankrupt. See Pease v. McQuillin, 180 Mass. 135, at 137, 138.
Bequest 6 raises the issue mainly relied upon by the defendant, that recovery, as to the first two items, is barred by the state statute of limitations. The plaintiff contends that that statute is inapplicable, and that, by the bankruptcy statutes, recovery may be had although the state statute has run against the debt.
It was early held in bankruptcy cases that the limitation of actions contained in the bankruptcy acts governed such *61 proceedings rather than the state statutes of limitation. Ross v. Wilcox, 134 Mass. 21. Kenyon v. Wrisley, 147 Mass. 476, at 477.
‘ ‘The defendant argues that Congress had no power to enact a law conflicting with the statute of limitations of this State relating to real actions, where the cause of action arose wholly after the assignment in bankruptcy ; and that such a statute cannot control actions in the courts of the State where the land is situated, because questions relating to the title to real estate must be governed by the lex rel sitae. But the act of Congress regulating the limitation of real or personal actions by or against assignees in bankruptcy, enacted under the power given by the Constitution of the United States to establish uniform laws on the subject of bankruptcy throughout the United States, is the supreme law of the land, and is thus the law of Massachusetts.” Rock v. Dennett, 155 Mass. 500, at 504.
This rule still applies. Fuller v. Rock, 125 Ohio State 36, 180 N. E. 367 (1932), reported in 82 A. L. R. 802. See Annotation, 82 A. L. R. 808. Isaacs v. Neece, 75 Fed. 2d 566, Circuit Court of Appeals, 5th Circuit (1935).
It follows that the denial of those rulings requested by the defendant, which are based upon the theory that the case was governed and controlled by the state statute of limitations, was not error.
There remain for consideration requests 7, 9 and 10. Each of these deals with the application of a statute of limitations. The 7th requires the application of that of the Bankruptcy Act of 1898, as amended; the 9th inferentially refers to the application of the limitation contained in the Chandler Act, passed before this action was brought; the 10th, also, inferentially refers to the application of that act.
Each of these requests was denied by the trial judge on the theory that the running of all statutes of limitations is suspended under Section 77B (b) of the Federal Bankrupt *62 cy Act of 1898, as amended. Neither the plaintiff nor the defendant admits or contends that that ¡section is applicable to this case. See Section 77B, Subdivision (k) of the Federal Bankruptcy Act of 1898, as amended; also Chapter X, Section 102; each of these makes applicable the statute of limitations contained in the act.
Instead of there being no statute of limitation governing these facts, there are two federal provisions for limitation of actions by trustees in bankruptcy which are specifically applicable to this kind of case, one of which should have been applied here. The original act of 1898 provided that a trustee could bring an action on a claim, not barred by the state statute at the time of adjudication, at any time during the administration of the estate and within a further period of two years after the estate was closed, Section lid. This is the section upon which the plaintiff relies as authorizing this action.
The Chandler Act, enacted, June 22, 1938, and effective, September 22, 1938, contains a -different, more limited authorization for such actions. It provides that they must be brought within two years of the adjudication, Section lie. If this section is applicable, it is apparent that the plaintiff’s cause of -action was extinguished before the writ was drawn. By Section 77B, subdivision k, of the Federal Bankruptcy Act of 1898, as amended, “the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication”. The order in this ease was dated, April 15,1935. If Section lie is -applicable, such a right normally would be barred within two years from that -date, which, in this case, would have been, April 15,1937.
The trustee’s right in this case, however, actually was in existence up to the effective date of the 'Chandler Act, or September 22, 1938. At any time prior to the latter date the trustee legitimately could have begun an action, as, until *63 September 22,1938, Section lid was still the governing section.
In this state of the case, the effect upon the plaintiff’s right of action of the Chandler Act becomes vital. That right, alive under Section lid of the original act, was still ' alive when the plaintiff’s writ was drawn, March 18, 1939, unless the Chandler Act barred it when that Act took effect, September 22, 1938.
Section 6b of the Chandler Act provides that the provisions of that Act “shall govern proceedings so far as practicable in cases pending when it takes effect”. If the words “cases pending” there used apply only to actions at law pending when the act became effective, then this section does not apply at all to the instant case, because this case was not pending when the act became effective, the writ having been drawn after the effective date, September 22,1938. In that event, the result would be that the Chandler Act, having become effective and applicable before the action was brought, is a complete bar to this action.
We are of opinion, however, that Section 6b is to be interpreted as applying to the administration of bankruptcy cases “pending” when the act became effective, and not merely to actions of law by a trustee in bankruptcy, and that the action before us is one of the “proceedings” in such a bankruptcy case. The Chandler Act is therefore applicable to this “proceeding”, including this action, but only if it is “practicable” so to apply it.
The practicability of the application of the Chandler Act becomes, therefore, a material factor in the case. It is an issue upon which the trial judge did not specifically pass because, in his disposition of request 6, he ruled that neither Section lid, the original statute, nor Section lie, the amended statute, was applicable, Section lie being the one made applicable by Section 6b of the Chandler Act, when “prac *64 ticable”. In other words, he ruled that, so far as limiting the action was concerned, the Chandler Act had no application whatever.
There are as yet no adjudications of the use of the word “practicable” in this section. There is a similar use of the word in Section 276c (2). In In Re Old Algiers, Inc., 100 Fed. 2d 374, at 375, the Circuit Court of Appeals for the 2d Circuit said, in interpreting that section, that it would not be “practicable” to apply the new provision to an estate already partially administered, where such application would result in the return by creditors of dividends already distributed. In Re Philadelphia & Reading Coal & Iron Co., 104 Fed. 2d 126, in 1939, the Circuit Court of Appeals for the 3d Circuit said,
“ ‘Practicable’ as used in the Act, is not synonymous with possible, but means feasible, fair and convenient.”
In deciding whether it was “feasible, fair and convenient” to apply Section lie to this proceeding, consideration should be given to the apparent purpose of the Chandler Act. It is well known that this legislation was intended to improve the administration of bankruptcy estates, to end existing abuses, and to prevent unnecessary delays in the settlement of estates. One of the radical steps taken to accomplish these purposes was the shortening of the time within which actions at law might be begun.
On the issue whether it is practicable to apply Section lie to the facts in this case, we have to consider these facts as they existed in June 1938, when the Chandler Act was enacted. Here was a bankruptcy estate, begun in 1935, which had as an asset a right of action dating back to 1932, upon which, as yet, no action at law had been begun. It was approximately three years old at adjudication. It was almost six years old when the Chandler Act was passed. It was *65 more than six years old when the Chandler Act became effective, and, at that time it would have been barred by the state statute of limitations if that statute had been applicable.
One very material matter which must be given consideration when a statute becomes applicable, the effect of which is to bar the enforcement of an existing right of action, is whether a reasonable and sufficient time has been provided by the new statute within which the right may be exercised before it is extinguished. A discussion of this principle is to be found in Mulvey v. Boston, 197 Mass. 178, at 182, 183. See, also, Cunningham v. Commonwealth, 278 Mass. 343, at 345. The Chandler Act allowed a period of three months between the enactment date and the date when the act became effective. Thus, the plaintiff in this case, if it was “practicable” to apply Section lie, still had three months within which to bring his action before his right would be barred. This particular situation was brought to the attention of the trial judge by requested rulings 9 and 10. •
After a careful consideration of the facts, and giving due weight to the purposes sought to be accomplished by the Chandler Act, we are of opinion that it was “practicable” to apply it in these proceedings, and that it set up1 a bar fatal to this action. The three months period provided by that Act, was ample for the reasonable protection of the plaintiff’s right of action.
It is our opinion that where all the facts are admitted, or agreed upon, or, as here, are not in dispute, whether or not a thing is “practicable” is a question of law. That is the rule for “reasonable diligence” and “reasonable time”, Spoor v. Spooner, 12 Met. 281, at 284, 285. See, also, Williams v. Powell, 101 Mass. 467, at 469. In Whitney v. Commonwealth, 190 Mass. 531, at 534, the court says concerning *66 the word “reasonable”, “Whether a rule is reasonable and binding, as applied to known facts, is a question of law, but where facts are in dispute or uncertain, such a question must be decided by a jury, under proper instructions ”. We believe that the same principle is controlling in the issue before us, and that there being no dispute as to the facts, whether it is practicable to apply Section lie, is wholly a matter of law.
Nor can it be «aid that the general finding for the plaintiff imported a finding of fact that it was not “practicable” to apply the provisions of the Chandler Act, if such a decision should be a finding of fact, because by his disposition of requested rulings 7, 9 and 10, the trial judge specifically ruled that the case was governed not by Section lid, of the old act, nor by Section lie, created by the Chandler Act, but by Section 77B (b).
It is our opinion that as matter of' law, it is practicable to apply the Chandler Act; and that Section lie is the governing section.
We are therefore of the opinion that not only was there error in refusing to apply the provisions of Section lie to this case but that that error was clearly prejudicial. We are of the opinion, further, that, as the application of Section lie to the ease decisively bars the plaintiff’s action, judgment should be entered for the defendant.
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.

. tf the Court finds that the items as set forth in Item A of the Plaintiff’s Declaration were distinct and separate transactions, then action on the item of July 21, 1931 and on. the item of September 12, 1932 is barred by the Statute of Limitations, namely Chapter 260, General Laws (Ter. Ed.), Section 2.

. If the Court finds that the three items set forth in Item A of the Plaintiff s Declaration were distinct and separate transactions, then action on items dated July 21, 1931 and September 12, 1932 is barred under the Bankruptcy Act of United States of America of 1898 as amended.

. ‘It is established that a Statute of Limitations, because it relates to the remedy only, will apply for a cause of action existing at the time it is passed if sufficient time has been allowed between the passage of the act and the time for the new limitation to take effect to> give opportunity to persons having such causes to bring similar action.’ Cunningham v. Commonwealth, 278 Mass, 243, 345.

“10. ‘Statutes of Limitations relate only to the remedy, and they control future procedure in reference to previous causes of action.’ Mulvey v. Boston, 197 Mass. 178, 181.”