DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Fremont Municipal Court, Small Claims Division.
On November 9, 2000, appellee, Colby L. Dockery, filed a complaint in small claims court seeking $1,749 from appellant, Leonard C. Bohanan, for unsatisfactory repairs appellant made to Dockery's automobile. On December 8, 2000, appellant filed a motion to transfer the case to the regular docket of the Fremont Municipal Court and a demand for a jury trial. On December 12, 12, 2000, the court denied his motion. Appellant now appeals arguing that the court, in denying his motion, denied him his constitutional right to a jury trial.
We are asked to determine the constitutionality of R.C. 1925.10 which states:
"Transfer of case.
"* * *
 "(B) In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counter-claim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court."
In determining the constitutionality of any statute, we begin our analysis with the principle that all legislative enactments enjoy a strong presumption of constitutionality. State ex. rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. The right to a trial by jury is a fundamental constitutional right which derives from the Magna Charta. Cleveland Ry. Co. v. Halliday (1933),127 Ohio St. 278, 284. The right of trial by jury
 "* * * is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege." Id.
Specifically, Section 5, Article I of the Ohio Constitution states:
 "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."
Civ.R. 38 states:
 "(A) Right preserved. The right to trial by jury shall be preserved to the parties inviolate.
 "(B) Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue."
The right of trial by jury cannot be invaded or violated by either legislative act or judicial order or decree. Gibbs v. Girard (1913),88 Ohio St. 34, paragraph two of the syllabus.
However, the Bill of Rights does not guarantee the right of trial by jury in all controversies. Belding v. State, ex. rel. Heifer (1929),121 Ohio St. 393, 396-397. Rather, the guarantee preserves the right of trial by jury only in cases where, under the principles of the common law, it existed prior to the adoption of the constitution. Id. An action alleging breach of contract is an example of just such a case.Fuller v. Rock (1932), 125 Ohio St. 36, 41-42. The state of Ohio has uniformly enforced the right of trial by jury in actions for money where the claim is ordinary debt. Belding, supra.
In the present case, appellee entered into a contract with appellant for the repair of his automobile. Appellee paid the $1,749.00 repair bill in full but claims that appellant failed to complete the repairs as contracted. Appellee now seeks damages from appellant in the amount of the repair bill. As this is a breach of contract action, a cause of action recognized under the common law, the parties have a constitutional right to a trial by jury.
Parties may waive their right to a civil trial by jury. Civ.R. 38(D). For purposes of this case, a plaintiff waives his right to trial by jury by commencing the action in small claims court. R.C. 1925.04(A), see also, Williams v. Swan Super Cleaners, Inc. (March 7, 2000), Franklin App. No. 99AP-583, unreported. A defendant to a claim duly filed in small claims court waives his or her right to a jury trial by failing to file a motion to transfer the case to the regular docket of the court. R.C.1925.10(B). As a consequence of R.C. 1925.04(A) and 1925.10(B), the legislature has eliminated the process of trial by jury in small claims courts. The legislature has not, however, eliminated the small claims court plaintiff's right to trial by jury. The plaintiff merely retains his or her right to a jury trial by filing their claim in another court with jurisdiction over the matter. R.C. 1925.04(A). The effect of R.C.1925.10(B) on a small claims court defendant is more troubling.
R.C. 1925.10(B) states in pertinent part:
 "In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. * * * The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury."
As discussed above, the statute is clear as to how a small claims court defendant waives his right to a jury trial. The statute is also clear that a small claims court defendant asserts his or her right to a jury trial by filing a timely motion to transfer. What is disturbing to this court is the language of the statute giving the small claims court discretion over whether or not to grant the defendant's motion and transfer the case to the regular docket. If the small claims court, in its discretion, denies a small claims court defendant's motion to transfer, the small claims court defendant, as a result, is denied his constitutional right to a jury trial. See Annotation, Small Claims: jury trial rights in, and on appeal from, small claims court proceeding (1989), 70 ALR 4th 1119.
Accordingly, we hold that R.C. 1925.10(B) encroaches upon the fundamental and inviolate right to trial by jury, and therefore is unconstitutional under Section 5, Article I of the Ohio Constitution. Appellant's assignments of error, as they pertain to the constitutionality of R.C. 1925.10(B), are found well-taken. All other issues raised by appellant are hereby rendered moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Fremont Municipal Court, Small Claims Division, is reversed and remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________________ Melvin L. Resnick, J.
Richard W. Knepper, J. CONCUR.
James R. Sherck, J. CONCURS AND WRITES SEPARATELY.