JESSE R. SHRECK, TRUSTEE, v. DAVID HANLON ET UX.

FILED NOVEMBER 19, 1902. No. 12,255.

Commissioner's opinion, Department No. 3.

1. **Bankrupt: TRUSTEE: STATUTE OF LIMITATIONS.** Where a person has been declared a bankrupt under the act of congress approved July 1, 1898, the trustee appointed in that proceeding may maintain an action to set aside a conveyance made by the bankrupt at any time within two years after the estate has been closed, provided the action was not barred by the laws of this state at the time the petition in bankruptcy was filed.

2. **Action to Set Aside a Conveyance.** It is not always a defense, in an action to set aside a conveyance as fraudulent, that the grantor had property remaining after the conveyance was made sufficient to satisfy his creditors. If the conveyance was in fact fraudulent and made for the purpose of defrauding creditors, they may have it set aside on a showing to that effect, and the further showing that at the time of commencing the action he had no property subject to execution out of which their claim could be made.

ERROR from the district court for Clay county. Bill in equity by trustee in bankruptcy, in the nature of a creditor's bill. Tried below before STUBBS, J. The plaintiff was non-suited below, and brings error. *Reversed.*

*Thomas H. Matters, J. L. Epperson & Sons* and *L. E. Hager,* for plaintiff in error.

*John C. Stevens, contra.*

DUFFIE, C.

On the 20th day of May, 1895, David Hanlon conveyed to John W. Howard three quarter sections of land in Clay county, Nebraska, and on the same day Howard executed a conveyance of the same lands to Eliza E. Hanlon, the

wife of David Hanlon. These two deeds were recorded May 21, 1895. On May 19, 1899, David Hanlon upon his own petition was declared a bankrupt by the district court of the United States, and on June 12, 1899, Jesse R. Shreck, the plaintiff in error, was appointed trustee of his estate. Claims were filed and allowed in the bankruptcy proceedings aggregating something like $750, all of which, as we understand, were incurred previous to the conveyances above mentioned, and the only asset reported by the bankrupt was some Colorado land of the estimated value of $60. Upon an examination of the bankrupt, some question arose as to the bona-fide character of the conveyances above mentioned, and the referee in bankruptcy made an order directing the trustee to institute legal proceedings in the state court for the purpose of subjecting the real estate to the payment of the claims of the creditors, requiring, however, the creditors to give a sufficient bond to pay the costs of such proceedings in case of a failure of the action. Proceeding under this authority, the trustee commenced this action to set aside the conveyance made by David Hanlon to John W. Howard, and from Howard to Mrs. Hanlon, alleging in his petition the bankruptcy proceedings above referred to, and further reciting that the conveyances were without consideration and made with the fraudulent purpose and intent of placing the legal title to said real estate in the name of Mrs. Hanlon, and beyond the reach of the creditors of David Hanlon. A trial was had in the district court, and a decree entered dismissing the plaintiff's petition. A motion for a new trial being overruled, the case has been brought to this court on error.

After the plaintiff had closed his testimony the court sustained a motion to dismiss the plaintiff's bill, and entered a decree for the defendants. It will thus be seen that the court acted wholly upon the evidence offered by the plaintiff in the action, and the principal question in the case is whether the evidence is sufficient to warrant the action of the trial court. On the oral argument, and in the brief of counsel for the defendants in error, it is in-

sisted that the court was governed in its action by the fact
that this case was not commenced for more than four years
after the filing of the deeds which it is sought by this ac-
tion to set aside and cancel, and by the further fact that
the evidence of the plaintiff showed that David Hanlon
was possessed of something like $2,000 in personal prop-
erty from which the creditors might have made their
claims after the conveyance had been made.  It will be
conceded that the filing of the deeds was notice to the
creditors of the fraudulent character of the conveyances,
if they were fraudulent in fact, and that the statute of
limitations commenced to run from that date.  The deeds
were filed on the 21st of May, 1895, while this action was
not commenced until more than four years from that date.
It will be noticed, however, that David Hanlon was de-
clared a bankrupt on the 19th of May, 1899, less than four
years from the recording of the deeds attacked in this
case; and from that date the right of the creditors to main-
tain an action in their own name was gone, their only
remedy being to pursue the method pointed out by the
bankrupt law.  From the time that Hanlon was declared
a bankrupt, the statute of limitations was tolled as against
the creditors pursuing their claims in that court.  As the
trustee alone could maintain an action to reach property
fraudulently conveyed by the bankrupt, we are clearly of
the opinion that the statute of limitations was not a defense
available to the defendants, as by section 11 of the bank-
rupt act* the trustee has two years in which to commence
the action.  The evidence, while not conclusive, certainly
supports the theory that the conveyances sought to be set
aside were fraudulent, and if this was so, it is immaterial
how much property Hanlon retained in his own possession.
Where a conveyance is made to a wife or child, by one not
in failing circumstances, the presumption is that it is made
by way of advancement, and that no fraud was intended;
and in such cases, if the grantor retains in his own name
property sufficient to pay his debts, if the gift or advance-
ment is not disproportioned to his means, the conveyance

* U. S. Compiled Statutes, 1901, p. 3426.

will be upheld. But where the conveyance is made for the purpose of defrauding creditors, as before stated, the fact that he still retains property sufficient to satisfy his creditors is no defense to an attack made upon the fraudulent deed. A conveyance made to defraud creditors can not in any manner affect their rights, and the property may be pursued and taken until it reaches the hands of some bona-fide purchaser.

It is further urged by the defendants in error that the deeds attacked in this case recite a consideration of $3,000, and that as the plaintiff produced these deeds, he can not dispute the evidence which he has himself introduced, and is bound by the consideration named. This, it is urged, shows the good faith of the transaction, and that Mrs. Hanlon was a good-faith purchaser for value. We can not accede to this proposition. As between the parties to an instrument, the consideration, while not conclusive, can not be wholly disputed. In other words, as between the grantor and grantee in a deed reciting a consideration, it can not be shown that no consideration in fact passed. But as against a third person, no recital or statements of consideration, however specific, makes a case for the grantee. He can not establish the *bona fides* of his purchase as against a third party by evidence of his own making and by recitals which he himself has made in the deed. 2 Bigelow, Fraud, 533.

While we do not wish to be understood as holding that the evidence is conclusive of the fraudulent character of the conveyances which it is sought to set aside, we think that the court proceeded upon a wrong theory, and therefore recommend that the judgment be reversed and the case remanded for another trial.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the case remanded for another trial.

REVERSED AND REMANDED.