BENJAMIN E. DEVOY, JR., as Trustee in Bankruptcy of MODEL MATTRESS CORPORATION, Respondent, v. SUPERIOR FIRE INSURANCE COMPANY, Appellant.

Second Department, June 16, 1933.

*Louis Bevier*, for the appellant.

*Frank J. Welsh* [*Clarence M. Davis* with him on the brief], for the respondent.

CARSWELL, J.   The defendant issued a policy of fire insurance to the Model Mattress Corporation.   The assured thereafter suffered a fire on April 5, 1930.   It was subsequently (on October 30, 1930) adjudicated a bankrupt.   Devoy was elected a trustee in bankruptcy of the estate of the assured on April 17, 1931.   More than a year after the loss accrued, Devoy brought this action to recover $1,250.   The policy sued on was of standard form and contained a provision, required by statute, that an action thereon must be brought within one year after the fire which occasioned the loss.

The defendant's answer set out certain denials and four complete and partial defenses.   The third defense invoked the short Statute of Limitations contained in the policy.   The plaintiff by reply admitted the third defense.   Defendant then moved for judgment on the pleadings.   The allegations of the complaint and of the third defense thus constituted an agreed state of facts.   The defendant urged that the action was barred.   The plaintiff asserted that the policy limitation, having its origin in a New York statute, was superseded by subdivision d of section 11 of the Federal Bankruptcy Act (30 U. S. Stat. at Large, 549; U. S. Code, tit. 11, § 29), which gives a trustee in bankruptcy a two-year period within which to bring an action; hence that this action was timely.

The City Court denied the motion, on appeal the Appellate Term affirmed, and with permission defendant has appealed to this court.

The one-year limitation contained in the policy of insurance has no peculiar status as a voluntary engagement of the parties, which would place it beyond the reach of a binding contrary statutory provision.   It is in the contract of the parties perforce a State statute, and is, therefore, in every aspect a State statute of limitations. (*Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327.)

The defendant asserts that the Federal provision is paramount *except* where a State statute prescribes a shorter period, so far as claims vesting in the bankrupt before it was adjudicated as such are concerned.   It urges that the Federal statute should be construed only to supersede the State statute in this limited fashion.   It has no direct decision sustaining its position, other than *Davis* v. *Willey* (273 Fed. 397), and the reasoning of that case it disavows.

Article 1, section 8, of the Federal Constitution enumerates the general powers of Congress.   It has power under subdivision 4 " to

establish an uniform Rule of Naturalization, and *uniform Laws on the subject of Bankruptcies* throughout the United States."

For a time Congress did not exercise its power under this subdivision. It then did so and has since passed successive bankruptcy acts, the last one which concerns us being enacted in 1898. The pertinent provision reads:

" § 11. Suits by and against Bankrupts. a. * * *

" d. *Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed.*"

The constitutional provision emphasizes the element of uniform laws on the subject. When Congress acts in a field allocated by the Constitution to its exclusive control, that Federal action takes precedence over and supersedes State action. State action in such a field is controlling only in the absence of Federal action. The Federal statute just quoted, therefore, is paramount in respect of the subject of limitation of actions in so far as bankrupt estates are affected. If this were not so, there would be no " uniform Laws on the subject of Bankruptcies throughout the United States."

A proceeding in bankruptcy is a proceeding *in rem* as well as *in personam*. Hence, when the Federal court takes jurisdiction of the estate of a bankrupt, all the regulatory provisions of the Bankruptcy Act immediately attach. One of these is contained in section 11, subdivision d, of the Bankruptcy Act. The act of Congress on this subject of limitations of actions in respect of bankrupt estates supersedes all others.

The State limitation may not be viewed as a provision supplementing the Federal enactment on the subject. To do so would unreasonably destroy the uniformity commanded by the Federal Constitution. The case of *People* v. *Erie Railroad Co.* (198 N. Y. 369) is not to the contrary. That case arose under the commerce clause of the Federal Constitution, which provides (Art. 1, § 8, subd. 3) that Congress shall have power " To regulate Commerce * * * among the several States." That provision does not contain the more emphatic language of the bankruptcy clause which specifies " uniform Laws." It concerns interstate commerce. It recognizes the parallel field of intrastate commerce within State competence. It permits State action which supplements Federal action in the field, provided, however, that State action does not unreasonably interfere with or hamper interstate commerce. These elements, therefore, indicate a basis for differentiation between such enactments and those affecting bankruptcies exclusively committed to Congress by the constitutional mandate which requires that body's action to result in " uniform Laws " respecting bankruptcies.

Corresponding provisions in prior Bankruptcy Acts, regulating limitation of actions and the like, have been held to be paramount to State enactments on the same subject and have not been given the limited supremacy urged by defendant. This is so in this State by direct decision (*Cleveland* v. *Boerum*, 24 N. Y. 613; *Von Sachs* v. *Kretz*, 72 id. 548; *Freelander* v. *Holloman*, Fed. Cas. No. 5081; *Moses* v. *St. Paul*, 67 Ala. 168) and in *dicta* (*Stevens* v. *Hauser*, 39 N. Y. 302). It has been similarly directly decided under the present Bankruptcy Act (*Shreck* v. *Hanlon*, 66 Neb. 451; *Fuller* v. *Rock*, 125 Ohio St. 36) and in *dicta* (*Arnold Grocery Co.* v. *Shackelford*, 140 Ga. 585; *Rock* v. *Dennett*, 155 Mass. 500; *Sheldon* v. *Parker*, 66 Neb. 610; *Coppard* v. *Stanush*, 3 Am. Bank. Rep. [N. S.] 473). Likewise, it has been so held, under the present Bankruptcy Act, in *Oppenheimer* v. *Roberts* (175 App. Div. 424), although the declaration may have been *obiter*.

The foregoing weight of authority precludes adopting the contrary holding in *Davis* v. *Willey* (273 Fed. 397), the reasoning of which defendant disavows.

Defendant urges that cases decided under former Federal bankruptcy statutes are not controlling because the present act is different in form. The form may be different, but the principle controlling is the same. It voices another criticism to the same end, because the present Federal provision is in form a prohibition. The statute reads that suits shall " not be brought by or against " a trustee. It argues from this that it would be permissible to hold that the shorter State Statute of Limitations is not in conflict with the two-year provision in the Federal statute. The present language no doubt is prohibitory in form, but that fact may not be given the effect sought by defendant. The language is to be read in the light of the corresponding provisions on the same subject contained in prior Federal statutes and judicial interpretation had thereof. The only difference effected by the change to the present language in the Federal statute from the language in the corresponding prior Federal statute has been a change of the date from which the two-year period is to be computed. Any different view would result in destroying the mandatory requirement of " uniform Laws," prescribed by the Federal Constitution, when the Congress acts.

Defendant argues that the construction so far had is unduly harsh in its effect upon it. There is a two-fold answer: *First*, onerous disadvantages to a bankrupt estate and its creditors would arise from an adoption of defendant's interpretation; and *second*, since defendant issued its policy in the light of and with knowledge of the cited provision in the Federal Bankruptcy Act and the

construction given to it and corresponding provisions in prior Federal statutes, defendant must abide by the effect of this Federal statute, so construed, having contracted with reference to it.

The order of the Appellate Term should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and DAVIS, JJ.

Order of the Appellate Term affirming order of the City Court of the City of New York unanimously affirmed, with costs.