IRVING TRUST COMPANY, as Trustee in Bankruptcy of KANANACK MANUFACTURING CORPORATION, Plaintiff, *v.* CAMDEN FIRE INSURANCE ASSOCIATION, Defendant.

Supreme Court, New York County, September 24, 1934.

Prince & Loeb [*Leon M. Prince* of counsel], for the defendant, for the motion.

*Benjamin Siegel* [*Benjamin Siegel* and *Edward I. Kaplan* of counsel], for the Irving Trust Company, trustee in bankruptcy of Kananack Manufacturing Corporation, opposed.

FRANKENTHALER, J. This motion for summary judgment dismissing the complaint is granted. The case of *Devoy* v. *Superior*

*Fire Insurance Co.* (239 App. Div. 28) is distinguishable in that in the case at bar the one-year limitation was voluntary and not required by statute.

Opinion on reargument, October 30, 1934.

FRANKENTHALER, J. The court is of the opinion that the principle of *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327); *Comey* v. *United Surety Co.* (217 id. 268) and similar cases should not be extended to override the provisions of voluntary contractual obligations in situations such as that here presented. The circumstance that certain provisions of our Civil Practice Act in respect to the commencement of actions for the purposes of our Statute of Limitations have been held to apply even where the time limitation is one imposed by contract, rather than by statute, does not necessarily require a holding that the provisions of the Federal bankruptcy statute (30 U. S. Stat. at Large, 549, § 11, subd. d; U. S. Code, tit. 11, § 29, subd. d) will also be permitted to overcome the express stipulations of a voluntary agreement. In *Comey* v. *United Surety Co.* (217 N. Y. 268) Judge CARDOZO, writing for the Court of Appeals, intimated (at p. 272) that limitations prescribed by statute and those imposed by contract might not be treated on the same basis for all purposes. The motion for reargument is granted, but the original disposition is adhered to.