MARTIN ENGEBRETSON, TRUSTEE, APPELLANT, v. RALPH M. WEST ET AL., APPELLEES.

277 N. W. 433

FILED JANUARY 27, 1938. No. 30173.

*Weaver & Giller* and *M. E. Culhane,* for appellant.

*Clinton Brome* and *David A. Fitch, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

PAINE, J.

This is an action by a trustee in bankruptcy, seeking to recover from the defendants a money judgment for the alleged wrongful conversion of certain assets belonging to the bankrupt corporation. Demurrer to petition sustained, and action dismissed. Plaintiff trustee appeals.

In the petition filed in this case by the trustee in bankruptcy of the Brictson Manufacturing Company, it is alleged that said corporation was adjudicated bankrupt on August 21, 1929, in an action in the United States district court for the district of South Dakota. Plaintiff alleges he was elected trustee and is now so acting and was duly authorized by the referee in bankruptcy to bring his suit. He further alleges that, at the time the petition in bankruptcy was filed against said Brictson Manufacturing Company, it was the owner of certain property, set out in detail, consisting of cash, in the amount of $14,383.88, and United States Liberty bonds, United States War Savings stamps and certificates, serial numbers being given, together with other bonds, all of the fair market value of $78,398.88, and at all times since the plaintiff was elected and qualified as trustee of said bankrupt estate he has been, and is now, entitled to the immediate possession of said property; that on September 7, 1929, the defendants,

Ralph M. West, John T. Marcell, and Harry S. Byrne, had actual notice and knowledge that said corporation had been adjudicated bankrupt, and that, without making application to, or without the consent of, the district court of the United States for the district of South Dakota, or of plaintiff, the three defendants did unlawfully and wrongfully obtain possession of all of the property described herein, then owned by the plaintiff, and did wrongfully and unlawfully convert the same from the plaintiff's use to their own use and purpose; that said property so converted was of the value herein set out, and that plaintiff has been damaged in that amount, with interest at 7 per cent. from the date of said conversion; that on February 1, 1930, and at various times since said date the plaintiff has demanded of the defendants possession of the property; that defendants have refused to give possession thereof to the plaintiff, and plaintiff therefore prays judgment in the sum of $119,103.12, with interest at 7 per cent. from February 17, 1937.

To this petition a general demurrer was filed March 18, 1937, by Ralph M. West, one of the defendants, on the ground that the petition did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court.

A second demurrer was then filed by the defendants Marcell and Byrne on March 26, 1937, setting up three grounds of said demurrer, the first being the same as set up in the first demurrer, the second ground that there is a defect of parties, and the third ground being that it appears upon the face of the petition that the alleged cause of action is barred by the statute of limitations, and this demurrer was sustained. The court stated orally, according to the argument of counsel in this court, that the statute of limitations was the only question involved. Plaintiff having elected to stand on his petition, the court dismissed the plaintiff's case.

The error relied upon for reversal was that the district court erred in failing to overrule the demurrer on the

ground that section 11-d of the national bankruptcy act, which reads as follows: "Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed," superseded the limitation law of the state of Nebraska.

The defendants maintain that the bankruptcy limitation, as found in section 11-d, applies only to causes of action arising prior to the filing of the petition in bankruptcy, and has reference to disputes arising between the bankrupt and adverse claimants prior to the filing of the bankruptcy proceedings, and that, as the conversion is alleged to have occurred on September 7, 1929, and demand made February 1, 1930, and the petition was not filed until March 9, 1937, therefore the action is barred by the statute of limitations of the state of Nebraska.

The plaintiff trustee insists that any state law which conflicts with the bankruptcy act is superseded by that act. In 1902 Commissioner Duffie wrote two opinions for this court which should be carefully considered in passing upon the case at bar. The first is *Shreck v. Hanlon,* 66 Neb. 451, 92 N. W. 625. His second opinion is *Sheldon v. Parker,* 66 Neb. 610, 92 N. W. 923. While a slight modification of the opinion was made on rehearing, which did not affect the following holding, the first paragraph of the syllabus in each of these cases reads as follows: "Where a person has been declared a bankrupt under the act of congress approved July 1, 1898, the trustee appointed in that proceeding may maintain an action to set aside a conveyance made by the bankrupt at any time within two years after the estate has been closed, provided the action was not barred by the laws of this state at the time the petition in bankruptcy was filed."

Two decisions are cited by the appellee, *Dushane v. Beall,* 161 U. S. 513, and *Hammond v. Whittredge,* 204 U. S. 538, which were decided under the bankruptcy law of 1867, which was very different from the present law, in that it read: "No suit, either at law or in equity, shall be maintainable in any court between an assignee in bank-

ruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." Rev. St. U. S., sec. 5057. The present law in section 11-d reads as hereinbefore set out.

Thus, we see that the two sections differ in this: That in the law of 1867 the limitation commenced to run from the time the action accrued in favor of the trustee, while in the present statute it runs for two years from the time the estate is closed.

In *Fuller v. Rock,* 125 Ohio St. 36, 180 N. E. 367, it was held that section 11-d of the bankruptcy act is superior to state law as to the period of limitation within which such act may be maintained, provided the action was not barred by the state law at the time of filing the petition in bankruptcy, and the court held that, the action not being barred at the time of the adjudication of the bankrupt, the federal statute of limitations supersedes the state statute of limitations.

The defendants insist that several of these cases relate to causes of action arising before bankruptcy, which is not true in the case at bar.

In *Devoy v. Superior Fire Ins. Co.,* 239 App. Div. 28, 265 N. Y. Supp. 432, the supreme court of New York considered this section 11-d of the bankruptcy law. A fire loss occurred April 5, 1930, and the owner corporation was adjudicated bankrupt October 30, 1930. More than a year thereafter the trustee brought suit on the policy. The policy contained the provision in New York standard forms that suit must be brought within one year after the fire occurred. The defendant asserts that the federal provision is paramount *except* where a state statute prescribes a shorter period, so far as claims vesting in the bankrupt before it was adjudicated are concerned. The court say: "A proceeding in bankruptcy is a proceeding *in rem* as well as *in personam.* Hence, when the federal court takes jurisdiction of the estate of a bankrupt, all the regulatory

provisions of the bankruptcy act immediately attach. One of these is contained in section 11, subdivision d, of the bankruptcy act. The act of congress on this subject of limitation of actions in respect of bankrupt estates supersedes all others." "The one-year limitation contained in the policy is in every respect a state statute of limitations and may not be viewed as a provision supplementing the federal enactment on the subject of bankruptcies."

The New York court cites *Shreck v. Hanlon,* 66 Neb. 451, 92 N. W. 625, and *Sheldon v. Parker,* 66 Neb. 610, 92 N. W. 923. It adds that the cases cited preclude adopting the contrary holding in *Davis v. Willey,* 273 Fed. 397, which case was also cited to this court by Mr. Fitch in his final argument. Should the holding in *Davis v. Willey, supra,* be followed, section 11-d would apply only to that limited class of actions where trustee alone has right of action. It should apply also to those cases where trustee derives his right from transfer from the bankrupt or his creditors.

The latest case, *Stanolind Oil & Gas Co. v. Logan,* 92 Fed. (2d) 28, is from the circuit court of appeals of the fifth circuit, and a rehearing was denied September 30, 1937. It was a suit by the trustee in bankruptcy to regain actual possession of a mineral lease. The facts briefly were that the Virginia Oil & Refining Company was adjudged bankrupt and a trustee was appointed on March 10, 1923. He collected over $50,000, and in reference to the east Texas leases upon unproved oil ground he said "that there were a great many leases in the assets of said estate, which were all wild cat, and which your trustee, using his best efforts, endeavored to sell but was absolutely unable to do so, and, although he still holds same, they are, in his opinion, worthless." The trustee was discharged October 14, 1926, and the referee issued an order closing the estate on November 2, 1926, but the bankrupt has never been discharged. In 1930 oil was discovered in the east Texas field, and at least one of these leases became very valuable. It was held in this case that a trustee in bankruptcy may surrender unprofitable property as a

part of the estate, and if he abandons it the title revests in the bankrupt, but that the closing of the proceeding without such abandonment by the trustee would not have that effect, and the record does not show that the trustee ever intended to abandon the lease. Property that is once in the custody of the bankruptcy court cannot be taken over and administered without the consent of the bankruptcy court. It was held that the state court did not have jurisdiction over the lease, and the sale of the lease by a receiver appointed by the state court was an absolute nullity. The provision of section 11-d of the bankruptcy act, as found in 11 U. S. C. A., sec. 29-d, barring suits against the trustee unless brought within two years after the estate is closed, applies to causes of action existing before bankruptcy, but does not apply to proceedings on a cause of action arising after bankruptcy in the course of administration. The court therefore held in effect that nothing had occurred which would set in motion section 11-d of the bankruptcy law.

It might be enlightening to examine a case in which the United States supreme court held against the trustee in bankruptcy on this two-year limitation. A bankrupt was alleged to have conveyed land in fraud of creditors, and the two years having passed, as provided in section 11-d of the bankruptcy act, the trustee petitioned to have the proceedings reopened on the ground that he had just discovered the acts of fraud. Justice Holmes, in denying the right to reopen, said: "That during the pendency of the original proceeding the trustee suspected the alleged fraud, made some inquiries, but dropped the matter because he thought that it was not worth while, that is, that it would not pay to go farther." It was held that the bankruptcy court cannot, under section 2 (8), remove the bar of section 11-d at its own will simply because a trustee may have changed his mind. *Kinder v. Scharff*, 231 U. S. 517.

"The trustee may not bring action, nor be sued, subsequently to two years after the closing of the estate; but, within that period, state statutes of limitation are, as to

the trustee, suspended, except as to causes of action barred thereby before the bankruptcy." 5 Remington, Bankruptcy, 491, sec. 2344. See *Meikle v. Drain,* 69 Fed. (2d) 290; 2 Loveland, Bankruptcy, 1049, sec. 539; *Hansen v. California Bank,* 17 Cal. App. (2d) 80, 61 Pac. (2d) 794.

The United States Constitution (sec. 8, art. I) confers on congress the power to establish uniform laws on the subject of bankruptcy; therefore, the two-year statute must supersede all statutes of limitation passed by the various states, in order to preserve uniformity. The fact that the bankruptcy courts recognize the statute of exemption to the head of a family, and certain other state statutes, does not in any way violate our holding in this case.

The filing of the petition in the case at bar was a command to all having possession of the property which the bankrupt at that moment owned to hold the same subject to the orders of the court, and the trustee can proceed in either a state or a federal court to secure actual possession of the assets of the bankrupt estate.

The sufficiency of the demurrer must be determined from the face of the petition. All facts well pleaded are to be taken as true, and all reasonable and fair intendments that can be implied from its allegations are to be indulged in.

In the opinion of this court, the petition does state facts sufficient to constitute a cause of action, and the limitation of the bankruptcy act supersedes the statute of limitations of the state of Nebraska, and the order of the district court in sustaining said demurrer is reversed and the cause is remanded for further proceedings.

REVERSED.