JOHN F. KAVANAGH and Others, Trustees of JAMES RAE CLARKE, HUDSON CLARKE, JR., PHILIP L. CLARKE and JOHN F. BOUKER, Individually and as Copartners Trading as CLARKE BROTHERS, Plaintiffs, *v.* FRED C. COCHEU, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 12, 1939.

*Lewis Ginsburg* for the plaintiffs.

*Cohalan & Cohalan* [*Thomas F. Cohalan* of counsel], for the defendant.

GENUNG, J. On May 10, 1929, a promissory note payable on demand was made to the order of one Clarke and indorsed by the defendant. Suit was instituted on this note against the defendant on November 19, 1938, and the defense asserted is the six-year Statute of Limitations (Civ. Prac. Act, § 48).

The plaintiffs acquired the note on May 13, 1938, from Irving Trust Company, as trustee in bankruptcy of Clarke. It appears that Clarke was adjudicated bankrupt on June 29, 1929, and thereafter on August 9, 1929, Irving Trust Company was duly appointed trustee in bankruptcy. The trustee continued in office until April 20, 1938, when it was duly discharged by order of the Federal court. Prior to its discharge the trustee obtained leave to sell and deliver the remaining assets of the bankrupt's estate to the plaintiffs acting as common-law trustees on behalf of all creditors of the bankrupt. The note in suit was delivered to plaintiffs pursuant to such leave.

The plaintiffs contend that the operation of the Statute of Limitations was suspended during the administration of the bankrupt estate by the trustee and for a further period of two years after discharge of the trustee, and consequently they urge that the suit is not barred. This contention is based on section 11 of the Bankruptcy Act (U. S. Code, tit. 11, §. 29). The plaintiffs' contention seems to have support in the provisions of the Bankruptcy Act enacted in 1898, the provisions of which were in force for forty years. (Cf: Devoy v. Superior Fire Ins. Co., 239 App. Div. 28.) However, this law was changed by amendments approved on June 22, 1938, and effective three months thereafter, and section 11 now reads as follows: " e. A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

Since no action was brought by the trustee in bankruptcy within two years subsequent to the date of adjudication or within six years from the date of this demand note, the action is barred by the Statute of Limitations.

Judgment is directed for the defendant against the plaintiffs dismissing the complaint, with costs.