Daniel O. Hastings, as Special Trustee of Standard Gas and Electric Company, Respondent-Appellant, *v.* H. M. Byllesby and Company et al., Defendants, and E. Carleton Granbery et al., Appellants-Respondents.

First Department, March 12, 1943.

*H. Preston Coursen* of counsel (*Royal E. T. Riggs* with him on the brief; *Seibert & Riggs,* attorneys), for defendants-appellants-respondents Granbery, Langley, O'Hara, Riggs and Seagrave.

*Sidney R. Nussenfeld* of counsel (*William H. Button* and *Francis J. Quillinan,* attorneys), for plaintiff-respondent-appellant.

CALLAHAN, J. In some respects the questions presented on this appeal are similar to those determined upon the appeal of Haystone Securities Corporation, another defendant in the same action, which appeal is decided herewith. (265 App. Div. 643.) In other respects the facts and the questions of law presented on the two appeals differ. Here, as in the companion case, a motion was made by defendants to dismiss a cause of action set forth in the complaint on the ground that it was barred by the Statute of Limitations. The present defendants, however, moved with respect to the eighteenth cause of action. The gist of that cause of action is that these defendants became directors of Standard Gas and Electric Company (hereinafter called "Standard") in the year 1930. At that time actions were pending in a Federal court, and in the Supreme Court, State of New York, New York County, brought by stockholders of Standard to enjoin the carrying out of a certain contract made in 1929 between two syndicates which are referred to as "Byllesby" and "Ladenburg," and to have this contract declared fraudulent and void, and to compel an accounting. The eighteenth cause of action alleges that an unlawful conspiracy was entered into by the present defendants to cause the dismissal of two of those stockholders' actions which dismissal was accomplished in 1930. It is alleged that this dismissal was brought about by the payment out of the treasury of Standard of a large sum of money, which payment served the interests of the defendants in the actions, and was contrary to the interests of Standard. The present defendants are asked to account for the amount so paid in securing the dismissal of the stockholders' suits.

The moving defendants are all directors of Standard, who became such after the stockholders' suits referred to had been brought. They assert in their moving affidavits upon the present motion that $200,000 was paid to settle the actions, and that approval of this payment was their only participation in the matter. This approval, they say, consisted solely of their voting as directors to ratify the settlement at a

meeting of the board of directors of Standard held in Chicago, Ill., on September 9, 1930.

Plaintiff, in his opposing affidavit, asks that we read the eighteenth cause of action in context with the entire complaint herein. We may not do this. Only those allegations set forth in the eighteenth cause of action, directly or by reference, may be deemed incorporated therein. So considered, it is clear that if there was a conspiracy, it was one to commit waste of corporate funds of Standard by securing the dismissal of the stockholders' suits. If the only wrongful act committed by the moving defendants was that occurring on the occasion when they cast their vote of approval on September 9, 1930, then the present cause of action against them accrued on that date.

Our holding in the companion appeal of Haystone, that plaintiff was not asserting any cause of action which accrued to him because of his statutory authority to prosecute rights of creditors would apply with equal, if not greater force, to the present case. It is evident that this action involves no attempt by plaintiff to set aside a fraudulent transfer of corporate funds. The trustee here unquestionably is suing by virtue of his succession to property rights of Standard, and seeking to assert a chose of action owned by Standard. It is plain that the loss of Standard by wrongful actions of defendants, if any, would be a monetary loss of $200,000, and an action at law to recover such amount would afford Standard an adequate remedy. This cause of action is, therefore, one which would have been barred by our six-year Statute of Limitations. The six-year period would expire on or about September 9, 1936, if the New York statute is applicable. (*Potter* v. *Walker*, 276 N. Y. 15; *Dunlop's Sons, Inc.* v. *Spurr*, 285 N. Y. 333.)

The present action was not commenced until December 8, 1939. But a petition for reorganization in bankruptcy of Standard was filed on September 27, 1935, which was within six years from the date of accrual of this cause of action. We must, therefore, consider what, if any, effect the bringing of the reorganization proceedings had with respect to the running of the period of limitation applicable.

Before discussing this question, it may be well to point out that defendants allege that, as their only participation in the acts set forth in the eighteenth cause of action took place in the State of Illinois the Statute of Limitations of that State, which requires an action of the present nature to be brought in five years from the date of its accrual, controls. (See Civ.

Prac. Act, § 13.) The application of this shorter statute would depend on where the cause of action presently asserted arose.

If it arose in Illinois because the wrongful acts occurred there, the moving defendants, as New York residents, might well be entitled to the protection afforded by the shorter period of limitation of the foreign State. (*National Surety Co.* v. *Ruffin,* 242 N. Y. 413.) But we do not think that it is proper to determine on this motion where the cause of action arose. A general charge of conspiracy is made. The place where the conspiracy was entered into is not alleged in the complaint. Though a cause of action for a civil conspiracy is not complete until the wrong alleged is committed there are several elements involved herein which make it proper that the issue as to where the wrong committed by the defendants took place should await trial.

We, therefore, proceed to pass on the question as to whether the filing of the petition in bankruptcy served to extend plaintiff's time to sue.

Subdivision e of section 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 29, subd. [e]) provides as follows: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

Subdivision e of section 11 in its present form became the law as of September 22, 1938, upon the general revision of the bankruptcy statutes by the Chandler Act. While these amendments became effective before the present action was brought, they were not effective on the date of adjudication (September 27, 1935). Prior to September 22, 1938, the provisions of the Bankruptcy Act relating to limitation of time for suits by trustees (former § 11, subd. d; U. S. Code, tit. 11, § 29, subd. [d]) read as follows: "d. Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

By the terms of the amendatory act of 1938 it was said that its provisions "shall govern proceedings so far as practicable in cases pending when it takes effect." Ordinarily statutes of limitation are given a prospective construction unless the contrary is clearly indicated. Furthermore, unless there is provision in the new law for a reasonable time within which existing causes of action may be prosecuted before the bar of the new

statute takes effect, such an amendatory act might infringe upon the constitutional protection afforded vested rights. (*Wheeler* v. *Jackson*, 137 U. S. 245; *Gilbert* v. *Ackerman*, 159 N. Y. 118.)

Here the reorganization proceedings were initiated in 1935. Under former section 11, subdivision d, the trustee had until two years after the closing of the estate within which to prosecute claims against third persons. Section 11, subdivision e, advances the date from which the two-year period of limitation runs so that under the new statute the trustee's time would expire two years from the date of adjudication. An attempt to apply the new statute to any right of action existing in favor of the trustee by advancing the two-year period of limitation, so as to have it run from the date of adjudication (September 27, 1935), would mean that the trustee's right to sue would be cut off on September 27, 1937. Thus the amendatory act, if applied retrospectively, would afford no time to the trustee within which to sue on an existing claim. We think, therefore, that it would be improper to apply section 11, subdivision e, to this case, and that this action must be held to be governed by former section 11, subdivision d. This would mean that the plaintiff had two years after the closing of the reorganization proceedings in which to sue.

While it is not clear from the record when the reorganization proceedings were terminated, defendants-appellants' brief indicates that service of process herein on December 8, 1939, was within the two-year period after the date of closing.

There had been some lack of uniformity in the reported decisions interpreting former section 11, subdivision d, of the Bankruptcy Act on the question as to whether a State Statute of Limitations, or the special Statute of Limitations found in the Bankrupcty Act, controlled causes of action asserted by trustees against third persons. (*Devoy* v. *Superior Fire Ins. Co.*, 239 App. Div. 28; but, see, *Davis* v. *Willey*, 273 Fed. 397.)

While a statute of limitation which is made an integral part of a right of action created by a State statute is usually applied by the Federal courts in the enforcement of such statutory rights (*The Harrisburg*, 119 U. S. 199, 214; 5 Remington on Bankruptcy [4th ed.], §§ 2347–2349), as to ordinary suits by a trustee to recover property consisting of assets of the estate, it has been quite uniformly held that they were to be controlled by the special provisions as to the limitation of actions found in the Bankruptcy Act.

Remington in his work on Bankruptcy (4th ed., § 2348) states the rule to be that the State Statute of Limitations will

prevail where its bar is complete before the filing of the bankruptcy petition, but not where the bar is not complete. Where the bar of the State Statute of Limitations is not complete, the Bankruptcy Act, section 11, subdivision d, steps in and supersedes it.

As was said in *Jenkins* v. *International Bank* (106 U. S. 571, 576) it is the same as if Congress had said to trustees: " ' You shall commence no suit two years after the cause of action has accrued to you.   *   *   *   Within that time the estate ought to be nearly settled up and your functions discharged, and we close the door to all litigation not commenced before it has elapsed.' "

Remington in stating the rule to be applied subsequent to the amendments affected by the Chandler Act said: " Where a period of limitation for instituting a proceeding had not expired at bankruptcy, the receiver or trustee may institute such proceeding within two years after adjudication." (5 Remington on Bankruptcy [4th ed.] § 2347, 1942 Supplement.) This was equivalent to saying that under the earlier rule applicable to section 11, subdivision d, the trustee had until two years after the proceedings were closed. We deem, therefore, that the special rule of limitation in the Bankruptcy Act resulted in extending the trustee's time in which to sue on a right of action not completely barred upon the filing of the petition, to two years from the time of the closing of the bankruptcy proceedings.

This would not mean, however, that any additional period of time granted by the Bankruptcy Act would revive a claim totally barred when the petition in bankruptcy was filed. No such revival could have been intended. To hold otherwise would (as was said by Mr. Justice Holmes in *Kinder* v. *Scharff*, 231 U. S. 517, 520) make the promise of repose held out by the Statute of Limitations merely a mirage.

As was aptly said in *Matter of Appalachian Publishers* (29 F. Supp. 1021): " The provisions (*sic*) of the Bankruptcy Act dealing with the Statute of Limitations does not purport to create any right of action, and by its terms as construed in [citing cases] only undertakes to create a uniform period within which trustees may assert rights not barred when the petition is filed."

While there are decisions holding that the time limited by a State statute in which a cause of action might be prosecuted was not intended to be extended by the Bankruptcy Act, we think that the weight of authority is otherwise. We are, of course, discussing suits by a trustee against third persons, and

not those against a bankrupt, or causes of action accruing in favor of the trustee after bankruptcy.

As the claim asserted by plaintiff in the eighteenth cause of action was not barred by the New York State Statute of Limitations at the time of the filing of the petition, we think that plaintiff's suit was timely, unless the Illinois statute controls.

Plaintiff asserts numerous grounds on which he claims the Statute of Limitations was tolled. In view of the conclusions above expressed, it becomes unnecessary for us to discuss most of these contentions.

We will, however, refer to plaintiff's claim that the New York Statute of Limitations was tolled because some of these defendants were nonresidents of this State during part of the period between September 9, 1930, and the commencement of this suit. It appears, however, from statements contained in the moving affidavits that each of the moving defendants is and has been since 1930 a resident of the State of New York, or had a place of business in this State during that period. These direct statements are not denied by the plaintiff. Upon this condition of the record, it would have been quite proper for us to decide on this motion that there had been no tolling of the Statute of Limitations. (*Corash* v. *Texas Co.*, 264 App. Div. 292.)

Plaintiff, by a cross-appeal, raises the contention that the present motion is an improper renewal of a motion heretofore decided against these defendants for the same relief. Two questions were presented on the earlier motion, to wit: (1) capacity of the plaintiff to sue, and (2) the bar of the Statute of Limitations. Dismissal on the first ground was sought under rule 106 of our Rules of Civil Practice, and on the second ground under rule 107 thereof. The justice who heard the earlier motion granted the relief sought and dismissed the complaint, but expressly stated that he did so because of plaintiff's lack of capacity to sue, and without passing on the question raised as to the bar of the Statute of Limitations. This court affirmed the determination dismissing the complaint, without opinion. (*Hastings* v. *Byllesby & Co.*, 260 App. Div. 863, 864.) Thereafter the Court of Appeals reversed our order (286 N. Y. 468), and held that plaintiff had legal capacity to sue. When the defendants sought to renew their motion to dismiss because of the bar of the Statute of Limitations, it was suggested that application be made to the Court of Appeals for clarification of the remittitur. Such an application was made, and the Court of Appeals in determining same

said (286 N. Y. 705): " Motion to amend remittitur denied, with ten dollars costs and necessary printing disbursements. The only question presented upon this appeal was the correctness of the order granting the motion to dismiss under rule 106 of the Rules of Civil Practice."

From the foregoing, it is clear that neither this court nor the Court of Appeals had heretofore passed upon the questions raised concerning the bar of this action by the Statute of Limitations; and, therefore, the application was properly renewed.

As we deem that there are issues which should await trial, the order appealed from, denying the motion to dismiss the eighteenth cause of action, should be affirmed, with ten dollars costs and disbursements to the plaintiff-respondent, with leave to the defendants-appellants to answer and plead any Statutes of Limitations they believe applicable, within ten days after service of order with notice of entry, on payment of said costs. The order denying plaintiff's motion to vacate and set aside notice of motion of defendants-respondents should be affirmed, with ten dollars costs and disbursements to the defendants-respondents.

TOWNLEY, UNTERMYER, DORE and COHN, JJ., concur.

Order, denying the motion to dismiss the eighteenth cause of action, unanimously affirmed, with ten dollars costs and disbursements to the plaintiff-respondent, with leave to the defendants-appellants to answer and plead any Statutes of Limitations they believe applicable, within ten days after service of order on payment of said costs. Order, denying plaintiff's motion to vacate and set aside defendants-respondents' notice of motion, unanimously affirmed, with ten dollars costs and disbursements to the defendants-respondents.